**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **CAMERINO ALEJANDRO MAGANA SAN JUAN,** | § § § | |
| **Petitioner,** | § § § | |
| **v.** | § | **CAUSE NO. EP-26-CV-880-KC** |
| **MARKWAYNE MULLIN et al.,** | § § § | |
| **Respondents.** | § | |

<u>**ORDER**</u>

On this day, the Court considered Camerino Alejandro Magana San Juan's Petition for

Writ of Habeas Corpus, ECF No. 1.  Magana San Juan is detained at the El Paso Service

Processing Center in El Paso, Texas.  *Id.* ¶ 1.  He argues that his detention is unlawful and asks

the Court to order his release or a bond hearing.  *Id.* ¶¶ 75–155.

Magana San Juan entered the United States in 2019, at which time he was released on

parole into the country.  *Id.* ¶ 2.  On January 26, 2026, he was re-detained at his routine check-in.

*Id.* ¶ 3.  In its Show Cause Order, ECF No. 4, the Court noted that, "[a]s alleged, his case appears

materially indistinguishable from several others in which this Court has found a procedural due

process violation.  *See, e.g.*, *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 674–88 (W.D. Tex.

2025)."  Show Cause Order 1.  The Court thus asked Respondents to engage with its prior

decisions and "explain whether the facts of Magana San Juan's case warrant a different

outcome."  *Id.*

Respondents argue that Magana San Juan's case must be dismissed following

*Buenrostro-Mendez v. Bondi*, --- F.4th ----, 2026 WL 323330 (5th Cir. Feb. 6, 2026).  Resp. 1,

ECF No. 5.

Magana San Juan argues that his detention without an opportunity for a meaningful individualized custody determination is unlawful on constitutional due process grounds.  Pet. ¶¶ 51–62.  The *Buenrostro-Mendez* panel opinion held that the statute does not entitle people in Magana San Juan's position to a bond hearing when they are detained pending removal proceedings.  *Buenrostro-Mendez*, 2026 WL 323330, at *1.  But Magana San Juan acknowledges that *Buenrostro-Mendez* "forecloses" any statutory claim.  Pet. 16.  Indeed, Magana San Juan previously filed a habeas petition in another district, challenging his detention on statutory grounds.  *See* Pet., *Magana San Juan v. Noem et al.*, No. 0:26-cv-668-PAM-LIB (D. Minn. Jan. 26, 2026), ECF No. 1.  That Petition was denied and dismissed without prejudice.  Mar. 3, 2026, Order, *Magana San Juan*, No. 0:26-cv-668-PAM-LIB (D. Minn. Mar. 3, 2026), ECF No. 17.

But the dismissal Order contained no due process analysis.  *See id.* 1–5.  And, as this Court has previously stated, the *Buenrostro-Mendez* court did not reach the due process question, confining its analysis and holding to statutory interpretation.  *Gomez Hernandez v. ICE Field Off. Dir., El Paso, Tex.*, No. 3:26-cv-67-KC, 2026 WL 503958, at *2 (W.D. Tex. Feb. 23, 2026) (citations omitted).  "Thus, '*Buenrostro-Mendez* has no bearing on this Court's determination of whether [a habeas petitioner] is being detained in violation of her constitutional right to procedural due process.'"  *Id.* at *2 (citations omitted).  Other "[f]ederal district courts in Texas have also made this finding subsequent to the Fifth Circuit issuing its opinion in Buenrostro-Mendez."  *Ochoa v. Vergara*, No. 1:26-cv-266-RP, 2026 WL 482211, at *3 (W.D. Tex. Feb. 20, 2026) (collecting cases).

And the Court has already rejected the rest of Respondents' arguments or else need not reach them.  *Compare* Resp. 1–29, *with, e.g.*, *Gomez Hernandez*, 2026 WL 503958, at *1–3; *Lala Barros v. Noem*, No. 3:25-cv-488-KC, 2025 WL 3154059, at *1–6 (W.D. Tex. Nov. 10,

2025); *Erazo Rojas v. Noem*, No. 3:25-cv-443-KC, 2025 WL 3038262, at *1–5 (W.D. Tex. Oct. 30, 2025); *Martinez v. Noem*, No. 3:25-cv-430-KC, 2025 WL 2965859, at *1–5 (W.D. Tex. Oct. 21, 2025); *Santiago v. Noem*, No. 3:25-cv-361-KC, 2025 WL 2792588, at *10–13 (W.D. Tex. Oct. 2, 2025); *Lopez-Arevelo*, 801 F. Supp. 3d at 674–88.  Because Respondents have not identified any material differences between Magana San Juan's case and this Court's prior decisions, and *Buenrostro-Mendez* has no bearing on Magana San Juan's procedural due process claim, it follows that the same result is warranted here.  *See generally* Resp.

Thus, after careful consideration of the entire record,[1] and for reasons explained at length in *Lopez-Arevelo*, *Santiago*, *Martinez*, *Erazo Rojas*, *Lala Barros*, *Gomez Hernandez*, and this Court's many other decisions involving habeas claims brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), Magana San Juan's Petition is **GRANTED IN PART** on procedural due process grounds.[2]

The Court **ORDERS** that, **on or before April 17, 2026**, Respondents shall either: (1) provide Magana San Juan with a bond hearing before an IJ, at which the Government shall bear the burden of justifying, by clear and convincing evidence of dangerousness or flight risk, Magana San Juan's continued detention; or (2) release Magana San Juan from custody, under reasonable conditions of supervision.

**IT IS FURTHER ORDERED** that, **on or before April 17, 2026**, Respondents shall **FILE** notice informing the Court whether Magana San Juan has been released from custody.  If

---

[1] To the extent there are any fact disputes, the Court resolves them in Respondents' favor, *see* Resp. 3–4, and therefore grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted).

[2] As to Magana San Juan's requested relief—immediate release or a bond hearing—*Buenrostro-Mendez* does not change the Court's analysis of the appropriate remedy either.  *See, e.g., Bonilla Conforme v. de Anda-Ybarra*, No. 3:26-cv-263-KC, 2026 WL 381110, at *3 (W.D. Tex. Feb. 11, 2026) (citing *Lala Barros*, 2025 WL 3154059, at *5 n.1).

Magana San Juan has not been released from custody, Respondents shall inform the Court

whether and when a bond hearing was held in accordance with the preceding paragraph.

Respondents shall further inform the Court, in detail, of the reasons for the IJ's decision.

**IT IS FURTHER ORDERED** that if Magana San Juan is released from custody,

Respondents shall **RETURN** all of his personal property in Respondents' custody, without

which his liberty interest will be affected, to him upon release.  Such property includes, but is not

limited to, identification documents.

**There will be no extensions of the April 17, 2026, deadlines**.

**Respondents are CAUTIONED that a proceeding in which bond is denied by the IJ**

**for lack of jurisdiction does not satisfy Respondents' obligation to provide a bond hearing**

**in compliance with this Order, and therefore requires release from custody**.

**SO ORDERED**.

**SIGNED this 10th day of April, 2026.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

4